UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO GASPAR TOMAS,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-08002-DAD-CSK<br><br><u>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which he filed on September 28, 2026. That same day petitioner filed a motions to proceed *in forma pauperis* (Doc. No. 2), for a temporary restraining order ("TRO") (Doc. No. 3), and for the appointment of counsel. (Doc. No. 4.) On October 2, 2026, respondent filed a response in opposition to the TRO motion and stated it had no objection to the court ruling on petitioner's underlying habeas petition based on the briefing presently before it (Doc. No. 8), and the court will now do so.

Petitioner is a citizen of Honduras. (Doc. No. 1 at 27). He last entered the United States on or about March 10, 2022, at which time petitioner states he encountered immigration officials, but was then released. (Doc. No. 1 at 9.) He has been in immigration detention since September 12, 2026. (Doc. No. 8-1 at 2.) On that same date, the government issued a notice to appear ("NTA") (Doc. No. 8-3), as well as a warrant for petitioner's arrest. (Doc. No. 8-2.) Also on September 12, 2026, the government issued a notice of custody determination by an immigration officer. (Doc. No. 8-4.) In the NTA, the government stated that petitioner was never admitted or paroled into the United States by immigration officials. (*Id.*) Nonetheless, respondent concedes that petitioner's current immigration detention is governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 1–2.) Accordingly, the court will apply the relevant law associated with § 1226(a) in analyzing petitioner's pending habeas petition. Notably, the record does not indicate that petitioner ever received a *pre*-deprivation hearing.

In its response to the pending petition and petitioner's motion, respondent argues that *post*-deprivation bond procedures satisfy § 1226(a). (Doc. No. 8 at 2.) However, as the court has found previously that procedural due process requires that a petitioner receive *pre*-deprivation due process in these circumstances and there is no evidence in the record before the court indicating that such process was accorded to petitioner. *See, e.g., Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578, at *3 (E.D. Cal. Nov. 14, 2025). The court incorporates its reasoning expressed in *Perez* and concludes that petitioner's several years living within the United States provided him certain due process protections that were not provided here. Given this record, an order requiring petitioner's immediate release is warranted.

Accordingly,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Domingo Gaspar Tomas, A-File No. 223-015-087, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner

notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to show that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as moot in light of this order granting petitioner habeas relief.
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE